IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. WHITE, | Civil Action 3:20-CV-28 |
| Plaintiff, | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

### ORDER

Plaintiff has filed a Motion for Reconsideration (ECF No. 129) of the Court's Order (ECF No. 128) which granted in part and denied in part Plaintiff's Advisement of Need for Additional Discovery (ECF No. 124). In its Order, the Court denied Plaintiff's requests for documents related to, among other things, the conditions of confinement at other correctional institutions, "relevant housing periods" at correctional facilities other than FCI Loretto, and other events, claims and parties that are not relevant to Plaintiff's tort claims about his confinement in and transfer to and from FCI Loretto during a brief period of time in 2015.

In the present motion, Plaintiff asserts that the "proximate cause" of his confinement in the SHU at FCI Loretto was the creation of incorrect psychological records between 2008 and 2012 and the failure to share with personnel at SCI Loretto accurate psychological records and information about his confinement at another correctional institution in 2014. Plaintiff also apparently contends that these failures at other institutions impacted the judgment of FCI Loretto officials, and allegedly, personnel at FCI Loretto failed to "correctly share" concerns he raised with them about being housed in the SHU.

Plaintiff has failed to demonstrate any basis to reconsider the Court's prior ruling. In this case, he asserts intentional and negligent infliction of emotional distress claims relating to his confinement at FCI Loretto and related transfers. Neither the issue of whether the records of his prior treatment at other facilities are correct, nor issues related to the manner in which he was confined at other institutions, bear on the relevant issues in this case, i.e., the circumstances and conditions of his confinement at FCI Loretto. Indeed, the law of the case is to the contrary. As noted by Senior District Judge Conrad in his Memorandum Opinion that severed and transferred various counts of the Complaint to other jurisdictions:

> After reviewing these factors, the court concludes that severing and transferring White's FTCA claims to the courts in the states where the discrete instances of conduct at issue allegedly occurred will best further the interests of justice and the convenience of the parties. Taking this course will allow each district court to look to the law of the state in which it is located to address White's FTCA claims. Further, each claim can then be resolved "at home." Id. Records and potential witnesses will be local, facilitating development of the facts about White's housing classifications, particular prison conditions, and medical or mental health complaints he may have made in the prison facilities where the events occurred.

(ECF No. 86 at 9) (citation omitted).

Judge Conrad further noted in a footnote that:

> White has argued—to Judge Gilbert and to this court—that his ten remaining counts are all allegedly linked by what he now calls the "National Initiative Targeting Bill White"—an alleged conspiracy among federal officials around the country to commit crimes for which White has been framed and to torture him while he is in custody. Resp. 2, ECF No. 82. White's argument that a conspiracy links his disparate FTCA claims from all over the country is foreclosed here by the law of the case doctrine. Judge Gilbert concluded:
>
>> [White] argues that all ten remaining counts share a "common core of operative facts," so they accordingly should all be tried together. *See Bell v. Taylor*, 827 F.3d 699 (7th Cir. 2016) (citing *Czarniecki v. City of Chicago*, 633 F.3d 545 (7th Cir. 2011)). The Court disagrees.

> It is not clear how these discrete instances are connected at all, barring White's allegations of an overarching conspiracy by the Government. The Court will accordingly transfer those six counts…

*White v. United States*, No. 3:17-CV-00683, 2019 WL 3315563, at *2 (S.D. Ill. July 24, 2019). Judge Gilbert's ruling on this issue is now the law of the case, and the court will not revisit it.

(*Id.* at 7 n.5) (citing *L.J. v. Wilbon*, 633 F.3d 297, 308 (4th Cir. 2011)).

Here, Plaintiff's lawsuit relates to events that occurred during his short stay at FCI Loretto, including his housing classification, conditions of confinement, medical or mental health complaints he may have made to prison officials and his transfers. It has already been determined, and therefore is the law of the case, that the severed and transferred claims pending in various jurisdictions do not have a common core of facts that would permit the wide-ranging discovery he seeks.

Certainly, Plaintiff may seek records and information about him that were known to and/or were in the possession of officials at FCI Loretto at any time before or during his time there, as well as discovery related to his transfers to and from that institution, his housing classification, his confinement and his communications with FCI Loretto personnel during his incarceration there. However, the discovery in which he seeks to engage goes far beyond the issues in this case and therefore, will not be permitted.

Plaintiff's Motion for Reconsideration is DENIED.

SO ORDERED this 12th day of August 2021.

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge