IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:20-cv-28 |
| ) | Judge Stephanie L. Haines |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This is a civil rights case brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), by William A. White ("Plaintiff"), a prisoner currently incarcerated at FCI-Cumberland in Maryland. This matter was referred to Magistrate Judge Patricia L. Dodge for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

**I.   Procedural history**

Plaintiff is serving a lengthy sentence for convictions in multiple jurisdictions for extortion, extortion by interstate communications, threat by interstate communications, witness tampering, and solicitation to commit a violent act to influence a juror. Plaintiff's second amended complaint ("SAC"), initially brought in the United States District Court for the Southern District of Illinois, consists of 54 counts asserting various claims against the Bureau of Prisons ("BOP") for conditions at multiple facilities where he was housed over a period of around 10 years, as well as claims against the United States Marshals Service ("USMS") for actions taken during transfers between those facilities [Doc. 49].

After dismissing all counts against the USMS based on Plaintiff's failure to exhaust administrative remedies, and dismissing as untimely all counts against the BOP arising prior to

1

2015, the Southern District of Illinois retained several counts against the BOP while transferring six others to the United States District Court for the Western District of Virginia. In turn, that court transferred to this district Counts 41(a) and 42(a) of the SAC, which assert claims against the BOP for intentional infliction of emotional distress and negligent infliction of emotional distress, respectively, relating to Plaintiff's incarceration at FCI-Loretto for approximately six weeks between January 9, 2015, and February 20, 2015.[1]

Following the transfer to this Court of Counts 41(a) and 42(a) against the BOP, the United States filed a motion to dismiss those counts [Doc. 98]. Plaintiff filed a response in opposition to that motion [Doc. 104], along with a motion to reinstate his claims at Counts 41(a) and 42(a) as to the USMS relating to his transfer from USP-Canaan to FCI-Loretto in January of 2015 [Doc. 107]. On February 25, 2021, this Court entered an order [Doc. 113] adopting Judge Dodge's Report and Recommendation ("R&R") [Doc. 111] recommending that the United States' motion to dismiss Counts 41(a) and 42(a) be denied, that Plaintiff's motion to reinstate the claims at Counts 41(a) and 42(a) as to the USMS be granted, and that Counts 43 and 44, alleging claims for battery against the USMS, also be reinstated [Doc. 111].

On March 10, 2021, the United States filed an answer to the SAC [Doc. 114] and the case proceeded to discovery. On April 1, 2021, this Court granted Plaintiff's motion to voluntarily dismiss Counts 43 and 44 asserting claims of battery against the USMS [Doc. 117]. On November 29, 2021, the United States filed a motion for summary judgment [Doc. 139], and Plaintiff filed a cross-motion for summary judgment on November 29, 2021 [Doc. 145]. Following responses, Judge Dodge filed an R&R [Doc. 159] on May 5, 2022, recommending that the United States'

---

[1] Counts 41(b) and 42(b) consist of allegations relating to Plaintiff's incarceration at USP-Canaan. Those claims were transferred by the Western District of Virginia to the Middle District of Pennsylvania, where USP-Canaan is situated, and are not before this Court.

motion for summary judgment be granted, and that Plaintiff's motion for summary judgment be denied. On May 24, 2022, Plaintiff timely filed objections [Doc. 160] to Judge Dodge's R&R.

## II. Standard of Review

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

## III. Analysis

Upon de novo review of the record and the Report and Recommendation, and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Judge Dodge in her thorough and well-reasoned R&R.

Initially, as Judge Dodge found, the United States is entitled to judgment as a matter of law on Plaintiff's claims for intentional infliction of emotional distress against both the BOP and the USMS at Count 42(a), as Plaintiff has conceded that he was not transported to and from FCI-Loretto in black box restraints, and that he is no longer asserting a claim for intentional infliction of emotional distress [Doc. 159 p. 16; Doc. 150 p. 3]. In addition, it is undisputed that the USMS did not take part in Plaintiff's transfers to and from FCI-Loretto, which were handled by the BOP [Doc. 159 p. 8]. Plaintiff has not objected to these findings, and they are wholly supported by the record.

Thus, by Plaintiff's own admission, this is a case "about the …[BOP] having negligently placed and maintained me in SHU housing at SCI-Loretto." [Doc. 150 p. 3]. As to Plaintiff's sole remaining claim of negligent infliction of emotional distress against the BOP, Judge Dodge correctly found in her through and well-reasoned analysis that his contention that he was negligently placed in and maintained in SHU housing is refuted by the uncontroverted record. Upon its own de novo review, this Court agrees in all respects with Judge Dodge's comprehensive analysis and findings on this issue for the reasons set forth in the R&R [Doc. 159 at 18-24].

The Court also has carefully reviewed Plaintiff's lengthy objections to the R&R and finds them to be unavailing. Plaintiff's objections to a large extent merely reiterate the arguments he made in his summary judgment motion and in his responses and reply to the United States' motion for summary judgment. Judge Dodge addressed these arguments in her R&R. While Plaintiff clearly disagrees with Judge Dodge's evaluation of the evidence, this Court is satisfied that her evaluation of the record was proper, and that her conclusion that the United States is entitled to summary judgment is sound and correct. As Plaintiff's objections do nothing to alter Judge Dodge's findings, Plaintiff's objections to the R&R will be overruled.

### IV. Conclusion

This Court concurs in all respects with Judge Dodge's analysis and finds, for the reasons set forth in the R&R, that Defendant is entitled to judgment as a matter of law. Accordingly, the following order is entered:

### ORDER OF COURT

AND NOW, this 26th day of September, 2022, IT IS ORDERED that Plaintiff's objections [Doc. 160] to the Magistrate Judge's Report and Recommendation [Doc. 159], hereby are **overruled**; and,

4

IT FURTHER IS ORDERED, for the reasons set forth in the Magistrate Judge's Report and Recommendation [Doc. 159], which hereby is adopted in whole as the opinion of the Court as supplemented herein, that Defendant's motion for summary judgment [Doc. 139] hereby is **granted**; and,

IT FURTHER IS ORDERED that Plaintiff's motion for summary judgment [Doc. 145] hereby is **denied**.

An appropriate judgment order will follow.

_____
Stephanie L. Haines
United States District Judge